1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| DARRELL E. JOHNSON, | ) Case No. 2:20-cv-08900-VBF-SP |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND ORDER** |
| v. | ) **SUMMARILY DISMISSING ACTION** |
| | ) **FOR FAILURE TO PROSECUTE** |
| JOSIE GASTELO, et al., | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

17
18

## I.

19

## PROCEEDINGS

20       On September 23, 2020, plaintiff Darrell E. Johnson, a California state prisoner
21 proceeding pro se and in forma pauperis, filed a Complaint in this Court under 42 U.S.C.
22 § 1983.  Plaintiff filed a supplemental complaint on April 28, 2022.  The Court found the
23 Complaint subject to dismissal but granted leave to amend.

24       Plaintiff filed a First Amended Complaint ("FAC") on August 15, 2022.  Plaintiff
25 primarily alleges that medical staff at the California Men's Colony was deliberately
26 indifferent to his medical needs.  The FAC names three defendants: Warden Josie
27 Gastelo; Dr. Joseph Cruz; and a triage nurse whom plaintiff names as a Jane Doe.  In
28 accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the

Court screened the FAC for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the FAC under the relevant standards, the Court found it was subject to dismissal. Specifically, the Court found: (1) the FAC fails to state a civil rights claim against defendant Gastelo; (2) the FAC fails to state an Eighth Amendment claim against defendant Cruz; (3) the FAC fails to state a claim under the Americans with Disabilities Act; and (4) absent a federal claim, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Accordingly, on July 26, 2023, the Court issued an Order finding the FAC subject to dismissal but granting leave to amend. If plaintiff wished to pursue this action, he was ordered to file a Second Amended Complaint by August 25, 2023, curing the identified deficiencies. The Court also gave plaintiff the option of filing a notice stating his intent to stand on the FAC without amendment, although the Court cautioned plaintiff that if he did so the Court would likely recommend dismissal of the FAC. The Order expressly admonished plaintiff that, if he failed to timely file a Second Amended Complaint, the Court may recommend that this action be dismissed.

Plaintiff failed to file a Second Amended Complaint or notice of intend to stand on the FAC by the August 25, 2023 deadline. Accordingly, on October 13, 2023, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by November 3, 2023, and either show cause why the case should not be dismissed or, in the alternative, file a Second Amended Complaint. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the November 3, 2023 deadline as ordered or at all. In fact, the Court has not received any response or other communication from plaintiff since he filed a change of address request on March 6, 2023.

## II.

## DISCUSSION

The FAC filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's July 26, 2023 Order Finding First Amended Complaint Subject to Dismissal But Granting Leave to Amend.  When plaintiff failed to file a Second Amended Complaint or notice of intent to stand on the FAC, the Court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a Second Amended Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action without prejudice.  Plaintiff has failed to file a Second Amended Complaint remedying the FAC's deficiencies.  Further, plaintiff failed to respond to the OSC by the deadline to do so, or at all.  Plaintiff's failure to file a Second Amended Complaint or a notice of intent to stand on the Complaint, or to respond to the Court's October 13, 2023 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute.  The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a Second Amended Complaint or notice of intent to stand on the FAC as directed, and failed to respond to the Court's October 13, 2023 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a Second Amended Complaint or a

notice of intent to stand on the FAC, and by failing to respond to the Court's October 13, 2023 OSC, plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,]  . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted).  In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its July 26, 2023 dismissal order that failure to timely file a Second Amended Complaint may result in a recommendation of dismissal; (2) after plaintiff's deadline to file a Second Amended Complaint or notice of intent to stand on the FAC passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (3) waiting several months beyond the deadline to respond to the OSC before issuing this order.  Further, dismissal without prejudice is less drastic than dismissal with prejudice.  As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the First Amended Complaint without prejudice is warranted for failure to prosecute and to obey court orders.

**III.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

Dated: <u>March 18, 2024</u>

HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE